UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 17-00274** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHAD LIGHTFOOT** | **MAG. JUDGE KAREN L. HAYES** |

MEMORANDUM RULING

On August 20, 2018, the Government filed a notice pursuant to Fed. R. Evid. 404(b) [Doc. No. 76], notifying Defendant Chad Lightfoot ("Lightfoot") that it intends to introduce evidence of two prior criminal acts.

On September 19, 2018, Lightfoot responded with a memorandum challenging the Government's use of the 404(b) evidence.

On October 18, 2018, the Government filed a reply to Lightfoot's response. [Doc. No. 89].

I. **ALLEGED FACTS AND PROCEDURAL HISTORY**

Lightfoot is charged in the Indictment [Doc. No. 1] with one count of Fraud Scheme in Connection with Major Disaster or Emergency Benefits, in violation of 18 U.S.C. § 1040(a)(2).

In 2016, the Federal Emergency Management Agency ("FEMA"), an agency of the United States within the Department of Homeland Security ("DHS"), was authorized to provide supplemental grant assistance for repair and restoration of damaged primary residences affected by the federally declared disaster DR-4263, Louisiana Severe Storms and Flooding on or about March 13, 2016.

The Government alleges that Lightfoot owned an abandoned, unoccupied property

located at 1508 S. 4th Street in Monroe, Louisiana, but primarily worked and resided in the New Orleans, Louisiana area. On or about March 19, 2016, and continuing until on or about May 31, 2016, the Government further alleges that Lightfoot defrauded FEMA by claiming the Monroe property as his primary residence in order to obtain disaster relief payments. Lightfoot allegedly signed FEMA forms stating that the information was true and correct.

On the day prior to FEMA's inspection of the property, Lightfoot obtained a Louisiana Identification Card listing the address of the Monroe property. He attended the inspection and allegedly falsely represented that the Monroe address was his primary residence.

Lightfoot obtained a FEMA payment of $23,684.71 via electronic funds. On or about April 22, 2016, He then paid $836.42 in delinquent property taxes and was issued a Certificate of Redemption, redeeming the property from a tax sale.

On or about May 3, 2016, Lightfoot submitted a second estimate of repair for the residence in the amount of $122,500.00.

Shortly thereafter, on May 19, 2016, Lightfoot submitted a copy of an allegedly fraudulent bill from Cox Communications to FEMA, in an effort to establish occupancy.

On October 25, 2017, Lightfoot was charged in a one-count Indictment.

On August 20, 2018, the Government issued a 404(b) Notice [Doc. No. 76]. The Government seeks to introduce the following extrinsic evidence:

> On July 30, 2015, the Orleans Parish Grand Jury returned a true bill indicting the Defendant with four (4) counts of Insurance Fraud, four (4) counts of Conspiracy to commit Insurance Fraud, and one (1) count of Identity Theft. The Louisiana State Police Insurance Fraud Unit investigated a "staged crash" or "staged accident" ring that took place in Orleans Parish, Louisiana during 2011, 2012, and 2015. In all the investigated claims, CHAD LIGHTFOOT was either the insurance policy holder, the person making a claim, a witness, or the registered owner of one of the involved vehicles. The Defendant obtained insurance via the

internet in some of the staged accidents, used a fake name, and orchestrated the others involved in the conspiracy by coordinating what everyone's role would be and showing those involved in the conspiracy how to fill out the paperwork. At times, the Defendant would pay money to those involved for their roles in the conspiracy.

On or about September 12, 2017, the Defendant was convicted at trial in the Criminal District Court of Orleans Parish, Louisiana for violations of bank fraud, identity fraud, forgery, and monetary instrument abuse. On August 19, 2016, the Defendant opened a checking/savings account using a fraudulent Louisiana I.D. with CHAD LIGHTFOOT's picture and a victim's identifying information. The Defendant applied for a Visa cred card with a $2,000.00 limit in the victim's name. In the application for the credit card, the Defendant listed as his residence [as] 1631 Elysian Fields Avenue, New Orleans, LA 70117. On August 5, 2018, the Defendant was sentenced to seven (7) years and six (6) months hard labor in the Department of Corrections for Bank Fraud and five (5) years hard labor for the remaining charges to run concurrent[ly] with the Bank Fraud sentence.

[Doc. No. 76, pp. 1-2]. The Government contends that evidence regarding these two crimes is admissible to prove Lightfoot's opportunity, intent, plan, and lack of mistake or accident in committing the charged fraud.

On September 19, 2018, Lightfoot filed a response, contending that evidence of the two prior crimes is offered solely to impugn his character, that the evidence is not relevant to proving fraudulent intent, and the probative value of such evidence is outweighed by its likely prejudicial effect. Lightfoot points out that the insurance fraud has not been proven at trial and thus is untried allegations. He points out further that the bank fraud conviction is on appeal to the Fourth Circuit Court of Appeals.

On October 18, 2018, the Government filed a reply. The Government argues that the evidence of the other acts sought to be introduced is "incredibly similar to the acts charged in the Indictment" and can be offered to show Lightfoot's knowledge and lack of mistake or accident to commit the charged conduct, rather than his character. [Doc. No. 89, p. 2]. Although the

Government contends that the evidence is inadmissible in its case in chief, it argues, in the alternative, that it should be allowed to offer this evidence during the cross-examination of Lightfoot, if applicable.

The case is set for trial on February 25, 2019.

## II. LAW AND ANALYSIS

Federal Rule of Evidence 404(b) provides that evidence of other crimes or acts is not admissible to prove the character of a person, but may be admissible to prove, among other things, knowledge or the absence of mistake. FED. R. EVID. 404(b). The danger involved in admitting such evidence is that the jury will convict the defendant, not for the offense charged, but based on the extrinsic evidence. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978). Therefore, evidence of extraneous acts is only admissible if (1) the evidence is relevant to an issue other than the defendant's character, and (2) "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.* at 911 (citing FED. R. EVID. 403); *see also* FED. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). In evaluating the danger of unfair or undue prejudice, the Court considers factors, such as "(1) the extent to which the defendant's unlawful intent is established by other evidence; (2) the overall similarity of the extrinsic and charged offenses; and (3) how much time separates the extrinsic and charged offenses because temporal remoteness depreciates the probity of the extrinsic offense." *United States v. Adair*, 436 F.3d 520, 526 (5th Cir. 2006) (quoting *Beechum*,

582 F.2d at 914 (internal quotation marks and brackets omitted); *see also United States v. Watson*, 433 Fed. App'x 284, 287 (5th Cir. 2011) (quoting same).

### A. Insurance Fraud

First, the Court finds that the Government is not allowed to introduce evidence against Lightfoot based on the charges of insurance fraud against him. While Lightfoot has been charged with this crime, he has not been convicted, and the Court finds that any potential relevance as to Lightfoot's knowledge and the absence of mistake or accident is substantially outweighed by the danger of undue prejudice. The Court does not intend to a trial within a trial on whether Lightfoot also committed a state court crime. Accordingly, this evidence is EXCLUDED from trial.

### B. Bank Fraud

On the other hand, Lightfoot has been convicted of the bank fraud. In that case, he used a fraudulent Louisiana identification card with his name and a victim's identifying information to open a bank account. Likewise, in this case, Lightfoot obtained a Louisiana identification card prior to the initial inspection by FEMA, allegedly to establish proof of residency. The Court finds that this Rule 404(b) evidence is admissible to show Lightfoot's knowledge and absence of mistake or accident in obtaining the identification card in order to accomplish his alleged fraud. The Court also finds that the evidence of this prior conviction does not substantially outweigh its probative value. The Court will, however, provide an appropriate limiting instruction to the jury.

## III. CONCLUSION

For the foregoing reasons, the Government's 404(b) evidence is EXCLUDED IN PART.

5

To the extent that Lightfoot moved to exclude evidence of the charges against him for insurance fraud, the evidence is excluded. To the extent that Lightfoot moved to exclude evidence of his bank fraud conviction, the evidence will be allowed at trial over his objection. The Court will, however, provide a limiting instruction to the jury.

**MONROE, LOUISIANA, this 22nd day of October, 2018.**

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**