# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION NO. 17-00274** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHAD LIGHTFOOT** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

On October 22, 2018, the Court issued a Memorandum Ruling [Doc. No. 90] allowing the Government to introduce evidence of Defendant Chad Lightfoot's ("Lightfoot") prior conviction for bank fraud.[1]

On January 28, 2019, Lightfoot filed a Supplemental List of Foreseeable Issues [Doc. No. 97] in which he put the Court and the Government on notice that he intends to subpoena to trial Andre Gaudin, an Orleans Parish Assistant District Attorney.

On February 12, 2019, the Government filed a motion in limine objecting to issuance of the subpoena [Doc. No. 99].

On February 14, 2019, Lightfoot filed a memorandum in opposition [Doc. No. 101] to the Government's motion in limine.

### I. ALLEGED FACTS AND PROCEDURAL HISTORY

Lightfoot is charged in the Indictment [Doc. No. 1] with one count of Fraud Scheme in Connection with Major Disaster or Emergency Benefits, in violation of 18 U.S.C. § 1040(a)(2).

In 2016, the Federal Emergency Management Agency ("FEMA"), an agency of the

---

[1] The Court excluded evidence of a charge of insurance fraud for which Lightfoot had not been convicted.

United States within the Department of Homeland Security ("DHS"), was authorized to provide supplemental grant assistance for repair and restoration of damaged primary residences affected by the federally declared disaster DR-4263, Louisiana Severe Storms and Flooding on or about March 13, 2016.

The Government alleges that Lightfoot owned an abandoned, unoccupied property located at 1508 S. 4th Street in Monroe, Louisiana, but primarily worked and resided in the New Orleans, Louisiana area. On or about March 19, 2016, and continuing until on or about May 31, 2016, the Government further alleges that Lightfoot defrauded FEMA by claiming the Monroe property as his primary residence in order to obtain disaster relief payments. Lightfoot allegedly signed FEMA forms stating that the information was true and correct.

On the day prior to FEMA's inspection of the property, Lightfoot obtained a Louisiana Identification Card listing the address of the Monroe property. He attended the inspection and allegedly falsely represented that the Monroe address was his primary residence.

Lightfoot obtained a FEMA payment of $23,684.71 via electronic funds. On or about April 22, 2016, he then paid $836.42 in delinquent property taxes and was issued a Certificate of Redemption, redeeming the property from a tax sale.

On or about May 3, 2016, Lightfoot submitted a second estimate of repair for the residence in the amount of $122,500.00.

Shortly thereafter, on May 19, 2016, Lightfoot submitted a copy of an allegedly fraudulent bill from Cox Communications to FEMA, in an effort to establish occupancy.

On October 25, 2017, Lightfoot was charged in a one-count Indictment.

On August 20, 2018, the Government issued a 404(b) Notice [Doc. No. 76] of its intent to

introduce the following extrinsic evidence:

> On or about September 12, 2017, the Defendant was convicted at trial in the Criminal District Court of Orleans Parish, Louisiana for violations of bank fraud, identity fraud, forgery, and monetary instrument abuse. On August 19, 2016, the Defendant opened a checking/savings account using a fraudulent Louisiana I.D. with CHAD LIGHTFOOT's picture and a victim's identifying information. The Defendant applied for a Visa cred card with a $2,000.00 limit in the victim's name. In the application for the credit card, the Defendant listed as his residence [as] 1631 Elysian Fields Avenue, New Orleans, LA 70117. On August 5, 2018, the Defendant was sentenced to seven (7) years and six (6) months hard labor in the Department of Corrections for Bank Fraud and five (5) years hard labor for the remaining charges to run concurrent[ly] with the Bank Fraud sentence.

[Doc. No. 76, pp. 1-2]. Lightfoot had appealed his conviction to the Fourth Circuit, and the Court upheld the conviction. *State v. Lightfoot*, 2018 WL 6536999, No. 2018-KA-0336 (La. App. 4th Cir. 12/12/2018). The Government contended that evidence regarding this criminal conviction is admissible to prove Lightfoot's opportunity, intent, plan, and lack of mistake or accident in committing the charged fraud.

On September 19, 2018, Lightfoot filed a response, contending that evidence of the bank fraud conviction is offered solely to impugn his character, that the evidence is not relevant to proving fraudulent intent, and the probative value of such evidence is outweighed by its likely prejudicial effect.

On October 22, 2018, the Court issued its Memorandum Ruling [Doc. No. 90], allowing the evidence that Lightfoot has been convicted of bank fraud. The Court found that in that case, he used a fraudulent Louisiana identification card with his name and a victim's identifying information to open a bank account. Likewise, in this case, Lightfoot obtained a Louisiana identification card prior to the initial inspection by FEMA, allegedly to establish proof of residency. The Court ruled that this Rule 404(b) evidence is admissible to show Lightfoot's

knowledge and absence of mistake or accident in obtaining the identification card in order to accomplish his alleged fraud. The Court further found that the evidence of this prior conviction does not substantially outweigh its probative value. Finally, the Court stated it would provide an appropriate limiting instruction to the jury.

On January 28, 2019, Lightfoot filed a Supplemental List of Foreseeable Issues [Doc. No. 97] in which he put the Court and the Government on notice that he intends to subpoena to trial Andre Gaudin, the Orleans Parish Assistant District Attorney ("the ADA") who prosecuted the bank fraud, for the purpose of eliciting testimony regarding an alleged conspiracy against him.

On February 12, 2019, the Government filed a motion in limine objecting to issuance of the subpoena [Doc. No. 99]. The Government contends that the ADA's testimony should be excluded pursuant to Rules 402 and 403 of the Federal Rules of Evidence. The Government asserts the testimony is irrelevant and, even if relevant, would be confusing and misleading for the jury as well as a waste of time.

On February 14, 2019, Lightfoot filed a memorandum in opposition [Doc. No. 101] in which he argues he should be allowed to show that his conviction was fraudulently obtained, as key elements of his case were false as presented to the jury. In particular, he wishes to show that the check that he used to set up the bank account was not a forgery as contended by investigators and the ADA. It is his position that misrepresentations of key facts led to his conviction. As such, he wishes to place this exculpatory information before the jury. To accomplish this, he wises to call the ADA and two other witnesses, Larry Wright and John Hawkins. Finally, Lightfoot asserts that it is the Government who has opened this "can of worms" by seeking to introduce this evidence at trial under 404(b), and, it should not now

4

complain when the "worms all come out." [Doc. No. 101, p. 2].

The case is set for trial on March 11, 2019.

## II.     LAW AND ANALYSIS

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Rule 402 further states that irrelevant evidence is not admissible. FED. R. EVID. 402.

Federal Rule of Evidence 403 provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

The Court agrees with the Government that the evidence to be offered is irrelevant or, even if relevant, excludable under Rule 403. Lightfoot offers no factual support for his claim that a conspiracy existed. He merely states baseless, vague accusations that are not substantiated with any evidence. Furthermore, a jury of his peers convicted him, and the conviction was upheld by the appellate court.

The ADA's testimony is not relevant pursuant to Rule 402. He was not a witness to the actual crime and could only testify concerning his prosecution of the case. The method in which the ADA prosecuted the case is not relevant.

Even if relevant, the testimony should be excluded pursuant to Rule 403 as it would be confusing and misleading to the jury as well as a waste of time. The ADA will not provide any testimony that would assist the jury in evaluating the evidence of the former bank fraud or the

current FEMA fraud charges.   The entire testimony would be a sideshow and unlikely to elicit the information Lightfoot seeks, i.e. confession to conspiracy to prosecute him.

Finally, to accept Lightfoot's argument would imply that the state court's finding of guilt was improper and thus that the conviction was invalid.   Lightfoot has not provided, and this Court has been unable to find, any authority for allowing such a collateral attack on a prior state court conviction.   Indeed, the jurisprudence suggests otherwise.

For example, the United States Supreme Court has held that the Constitution requires collateral review of a defendant's prior conviction used to enhance a federal sentence only when the defendant alleges that the conviction was obtained in violation of his Sixth Amendment right to counsel.  *Custis v. United States*, 511 U.S. 485 (1994); *see also United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010) ("[ ] this court has refused to entertain collateral attacks on prior state convictions made during federal sentencing proceedings when, as here, the defendant does not allege that the prior conviction was uncounseled.")

Accordingly, the Government's motion in limine objecting to the issuance of the subpoena is GRANTED.

## III.   CONCLUSION

For the foregoing reasons, the Government's motion in limine [Doc. No. 99] is GRANTED.   Lightfoot will not be allowed to issue a trial subpoena to ADA Gaudin, or any other attorney from the Orleans Parish District Attorney's Office, for the purpose of collaterally attacking his bank fraud conviction.

**MONROE, LOUISIANA,** this 19th day of February, 2019.

                                              **TERRY A. DOUGHTY**
                                      **UNITED STATES DISTRICT JUDGE**