UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:17-CR-00274-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHAD LIGHTFOOT (01)** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Recuse [Doc. No. 203] filed by Defendant Chad Lightfoot ("Lightfoot"). For the reasons set forth herein Lightfoot's motion is DENIED.

**I.     BACKGROUND**

On March 14, 2019, after a four-day jury trial Lightfoot was found guilty of Fraud Scheme in Connection with a Major Disaster or Emergency Benefits in violation of 18 U.S.C. 1040(a)(2). On July 3, 2019, Lightfoot was sentenced to seventy-one months imprisonment, five years supervised release, a fine and restitution. On June 12, 2020, Lightfoot's conviction and sentence was affirmed by the United State Court of Appeals for the Fifth Circuit, 809 Fed. Appx. 246 (5th Cir. 2019).

Thereafter, on August 12, 2021, Lightfoot filed a Motion to Vacate [Doc. No. 174] and an Amended Motion to Vacate [Doc. No. 185] on September 13, 2021. On November 29, 2021 the Motion to Vacate and Amended Motion to Vacate were both denied [Doc. No. 196]. A Motion for Reconsideration [Doc. No. 204] was denied on December 16, 2021.

The pending Motion to Recuse [Doc. No. 203] was filed by Lightfoot on December 16, 2021. In the motion, Lightfoot alleges recusal on the basis of 28 U.S.C. 144 and 28 U.S.C. 455. Specifically, Lightfoot alleges this Court should be recused due to the personal prejudice against him, stemming from an extrajudicial source. Lightfoot attaches an Affidavit in Support of

Recusal [Doc. No. 203-1]. Lightfoot based his recusal upon the Court ruling against him in regard to his Motion to Vacate [Doc. No. 174] and Amended Motion to Vacate [Doc. No. 185] due to alleged ex-parte communications given to the Court by the AUSA that alleged that Lightfoot had fabricated the affidavits of Christopher Jones and Earl Thomas.

## II. LAW AND ANALYSIS

28 U.S.C. 144 requires a judge to recuse from a proceeding in which the judge has a bias or prejudice against the movant, or in favor of an adverse party. The statute requires the movant to file an affidavit to support the claim.

28 U.S.C. 455 requires a judge to recuse under several circumstances. Based upon the allegations made by Lightfoot, the applicable portions of 28 U.S.C. 455 are (a) disqualify when impartiality might reasonably be questioned; and (b)(1) when the judge has a personal bias or prejudice concerning a party, or personal knowledge of evidentiary facts concerning the proceeding.

First, this Court states I have no personal bias or prejudice as to Lightfoot. Additionally, I have never received any ex parte' information from anyone with regard to this case. Additionally, although I know Lightfoot's attorney, Walter M. Caldwell[1], I do not have a personal relationship with him that would prevent me from fairly ruling on Lightfoot's ineffective assistance of counsel claims.

### 1. Ex Parte' Information

First, Lightfoot alleges that this Court received ex parte' information from the AUSA presenting this case that Lightfoot had fabricated the affidavits of Christopher Thomas.

---

[1] Now a district judge for the State of Louisiana, Fourth Judicial District Court.

However, this is not correct. At trial, Glenda Haas testified that Lightfoot agreed to pay $2,000.00 to her for her false affidavit and perjured testimony at trial.

Additionally, the Government filed a Response [Doc. No. 176] to Lightfoot's Motion for New Trial. In the Response, the Government provided information showing that Glenda Haas, Christopher Thomas, and Earl Thomas all stated the affidavits they signed for Lightfoot were false. This was backed up by the testimony of Special Agent Jerry Coleman and Walt Caldwell [Doc. No. 162], who testified as to Lightfoot's Motion for New Trial on July 3, 2019. Therefore, the evidence relied upon by this Court as to the affidavits of Christopher Jones and Earl Thomas was not ex parte'. It was part of the record in this case.

**2.  Personal Knowledge of Disputed Facts**

Lightfoot also alleges that this Court had personal knowledge of disputed facts because of ex parte' communications received and that the Court had a close personal relationship with Lightfoot's attorney, Walt Caldwell due to comments made at the July 3, 2019 hearing, which prevented the Court being fair on Lightfoot's ineffective assistance of counsel claims.

The ex parte' communications issue has already been addressed. In addressing the issue regarding a close personal relationship with Walt Caldwell, Lightfoot relies on alleged statements made at a hearing on July 3, 2019 [Doc. No. 162]. The transcript shows the only statement this Court made as to Mr. Caldwell is found at [Doc. No. 162, p. 46 lines 22-23] in which this Court stated: "In fact, Mr. Lightfoot, I don't think you realize how good of an attorney you have." The other statements alleged by Lightfoot to be said by this Court are not in the record and this Court does not remember ever saying them. There is no evidence to prove Lightfoot's allegations.

Alleged bias and prejudice claimed to disqualify a judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *U.S. v. Grinnell Corp.*, 86 S.Ct. 1698 (1966). Adverse rulings in a case are not an adequate basis for demanding recusal. *U.S. v. MMR Corp.*, 954 F.2d 1040 (5th Cir. 1992). A federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified, *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

Therefore, these are not valid grounds for recusal set forth by Lightfoot.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Recuse [Doc. No. 203] filed by Lightfoot is **DENIED**.

MONROE, LOUISIANA, this 20th day of December 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT

4