UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 3:17-CR-00274-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHAD LIGHTFOOT** | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM RULING

Pending before the Court is a Motion to Resume Custody pursuant to 28 U.S.C. § 2241 [Doc. No. 221] filed by Chad Lightfoot ("Lightfoot"). Lightfoot moves this Court to command the United States Marshal to obtain him from the custody of the State of Louisiana and to have the Federal Bureau of Prisons ("BOP") calculate his time to be served. The United States of America ("United States") filed a Response [Doc. No. 230].

For the following reasons, the Motion is **GRANTED**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

On October 25, 2017, Lightfoot was indicted in the Western District of Louisiana, Monroe Division, on one count of Fraud Scheme in Connection with FEMA Benefits, a violation of 18 U.S.C. § 1040(a)(2) ("Count 1").[1] On March 14, 2019, Lightfoot was found guilty by a jury as to Count 1 of the indictment.[2] On July 3, 2019, Lightfoot was sentenced to seventy-one months in the custody of the BOP and was ordered to pay a fine and restitution.[3] The conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on July 6, 2020.[4]

Upon waiting to be processed by the BOP, the State of Louisiana, through the Orleans Parish District Attorney's Office, filed a writ of prosecution seeking to obtain custody of Lightfoot,

---

[1] [Doc. No. 1]
[2] [Doc. No. 134]
[3] [Doc. No. 153]
[4] [Doc. No. 170]

pursuant to a state conviction.[5] On September 12, 2017, Lightfoot was found guilty by a jury of forgery and bank fraud, among other charges, in the Orleans Parish Criminal District Court.[6] On August 6, 2018, Lightfoot was sentenced in state court as a multiple offender to seven years and six months at hard labor at Department of Corrections ("DOC").[7] The state court ordered this sentence to be served concurrent with any other counts, as well as credit for time served.[8]

On March 15, 2023, the Orleans Parish Criminal District Court granted Lightfoot's application for post-conviction relief on the basis of ineffective assistance of counsel.[9] Upon granting the application for post-conviction relief, the state court ordered Lightfoot be transferred to BOP as soon as possible, and resentencing was set for April 3, 2023.[10] On May 24, 2023, Lightfoot was resentenced to four years at hard labor at DOC.[11] The state court ordered that sentence to be served concurrently with any other sentence, including credit for time served.[12]

At the time of this ruling, Lightfoot remains in the custody of the DOC. As of May 5, 2023, the time this motion was filed, Lightfoot asserts he has been incarcerated for approximately sixty-eight months (5.67 years).[13] In the instant motion, Lightfoot "contends that he has overly satisfied the time of incarceration necessarily required…to serve within the BOP," and thus he may be entitled to immediate release.[14]

---

[5] [Doc. No. 221, p. 3]
[6] [Doc. No. 230-1, Gov. Exhibit A, p. 6]
[7] [Id. at p. 11]
[8] [Id.]
[9] [Id. at p. 15]
[10] [Id.]
[11] [Id. at p. 16]
[12] [Id.]
[13] [Doc. No. 221, p. 5]
[14] [Id. at p. 6]

## II. LAW AND ANALYSIS

### a. This Court has jurisdiction to consider Lightfoot's motion.

First, the United States contends that this Court does not have jurisdiction to consider Lightfoot's motion.[15] The United States points the Court to 28 U.S.C. § 2241, which states that these motions should be heard in the district where the petitioner is incarcerated because Section 2241 requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973).[16] The custodian over which the Court must have jurisdiction is the petitioner's immediate custodian, the Warden of the facility where he is housed. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443 (2004).[17]

The United States additionally argues the Eastern District of Louisiana is the appropriate jurisdiction to hear this motion because that is where Lightfoot was confined at the time of filing this motion.[18] *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) ("To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian."). Lightfoot filed the instant motion when he was incarcerated in Orleans Parish in the Eastern District of Louisiana, but he is now incarcerated in Avoyelles, Parish, which is in the Western District of Louisiana.

The Court will first consider whether this motion was filed in the correct jurisdiction. If it was not, this Court then has broad discretion under both 28 U.S.C. § 1404(a) and § 2241 to determine whether transfer to another jurisdiction is proper.

---

[15] [Doc. No. 230, p. 1]
[16] [Id.]
[17] [Id.]
[18] [Id. at p. 2]

3

### i. 28 U.S.C. § 1404(a) Analysis

Under 28 U.S.C. § 1404(a), a court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) ("*Volkswagen II*"). When deciding whether to transfer venue, discretion must be exercised according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964). In determining whether to transfer the action, the court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The determination of "convenience" turns on a number of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*Volkswagen I*"). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

In a Section 1404(a) analysis, a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 315. "Although a plaintiff's initial choice of forum is entitled to deference, the degree of deference is higher when he has chosen his home forum. Conversely, when a plaintiff is not a resident of the chosen forum,

or when the operative facts underlying the case did not occur in the chosen forum, a court gives less deference to a plaintiff's choice." *Franklin v. GMAC Mortgage*, 3:13-CV-1680-D, 2013 WL 2367791, at *2 (N.D. Tex. May 30, 2013)*(quoting Rimkus Consulting Grp., Inc. v. Balentine*, 693 F.Supp.2d 681, 690–91 (S.D. Tex. 2010)).

In the instant case, Lightfoot was convicted and sentenced in the Western District of Louisiana for a crime committed in this district. For those reasons, the second public concern factor, "the local interest in having localized interests decided at home," favors adjudication of Lightfoot's case in this Court. See *Volkswagen I*, 371 F.3d at 203. Furthermore, Lightfoot chose the Western District of Louisiana as the forum for this motion, a choice that should be respected unless there is another venue that is clearly more convenient. The Court finds the argument for another more convenient forum in this case unpersuasive. Lightfoot's choice of forum should also be given greater deference because the operative facts underlying the case occurred in the chosen forum. *See Franklin*, 2013 WL 2367791, at *2. For these reasons, under the Section1404(a) analysis, the Western District of Louisiana is the appropriate forum.

### ii.   28 U.S.C. § 2241 Analysis

Furthermore, under Section 2241, the court in which the petition was filed has discretion to transfer the application to another district court for hearing and determination. "[S]tate convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted." *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970). Those courts have "concurrent jurisdiction." 28 U.S.C. § 2241(d). In the instant suit, Lightfoot is both presently confined in and was convicted in the Western District of Louisiana. However, as stated above, the

United States argues the appropriate jurisdiction is determined by where he was confined "at the time of filing."[19]

In *Montgomery v. Lumpkin*, at the time Petitioner filed his request for relief, he was incarcerated at a facility located within the Southern District of Texas. 7:20-CV-374, 2021 WL 398243, at *2 (S.D. Tex. Jan. 4, 2021). However, Petitioner was convicted and sentenced in a court located within the jurisdiction of the Western District of Texas. The Court held, "[g]iven that Petitioner is challenging his state court convictions and sentences in this action, the Court finds that the interest of justice would best be served by transferring this action to the San Antonio Division of the Western District of Texas [**where the convictions and sentences occurred**]." *Id.* (emphasis added).

In *Pugh v. Warden FCI Aliceville*, at the time Petitioner filed a Section 2241 motion in the Eastern District of Texas, he was confined within the Northern District of Alabama. 1:22-CV-262, 2022 WL 18028256, at *1 (E.D. Tex. Dec. 29, 2022). In finding it did not have jurisdiction over this Section 2241 claim, the *Pugh* court held, "[a]fter considering the circumstances…the interests of justice would best be served if this petition were transferred to the **district in which Petitioner is confined**." *Id.* (emphasis added).

In the instant case, Lightfoot was sentenced in and is currently confined in the Western District of Louisiana. Given that Lightfoot is requesting that his federal sentence be recalculated, the interest of justice would best be served if this Court, where the conviction and sentencing occurred, rendered a judgment. See *Montgomery*, 2021 WL 398243, at *2. Furthermore, the interests of justice would best be served if this motion were decided in the district in which Lightfoot is currently confined, which is in the Western District of Louisiana. See *Pugh*, 2022 WL

---

[19] [Doc. No. 230, p. 2]

18028256, at *1. Aside from Lightfoot's confinement in the Eastern District of Louisiana at the time of filing, all other factors point towards the Western District as the appropriate forum.

It is within this Court's broad discretion under both 28 U.S.C. §§ 1404(a) and 2241 to find jurisdiction is appropriate in this Court, and transfer is not proper. For these reasons, the Court finds that the Western District has jurisdiction to consider Lightfoot's motion. The Court declines to transfer this motion to another court.

### b. Lightfoot's state and federal sentences will run consecutively.

Next, the United States contends that regardless of the state's order stating otherwise, Lightfoot's state and federal sentences will not run concurrently.[20] Instead, the United States argues that Lightfoot's sentences must be served consecutively.[21] "Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently…A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (*citing* 18 U.S.C. § 3584(a)); *see also Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010). Furthermore, "the determination by federal authorities that [the defendant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing." *Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003) (*quoting Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)).

The state docket in this case orders that the state sentence should be served concurrently to any other sentences. However, the federal judgment in this case[22] does not address whether the

---

[20] [Doc. No. 230, p. 3]
[21] [Id.]
[22] [Doc. No. 153]

sentence is to be served concurrently or consecutively. Because the federal judgment did not state whether Lightfoot's sentence was to be served concurrently with or consecutively to his state sentences, the sentences are deemed to run consecutively. *Garza v. Conner*, 101 Fed. Appx. 973, 974 (5th Cir. 2004). Therefore, based on the above case law, the federal sentence will be served consecutively with the state sentence.

Relatedly, the United States asserts that the state sentence must be served in its entirety prior to the federal sentence because Lightfoot was arrested by the state first.[23] Under the concept of primary jurisdiction, even if the state, which arrested the defendant first, transfers a defendant to the federal government for prosecution, the federal sentence does not commence until the federal government obtains primary jurisdiction over the defendant after the state sentence has been imposed and served.[24] *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). Thus, according to the United States, only once the state sentence has been served may Lightfoot be transferred to federal custody to start serving his federal sentence.[25]

The United States' argument that Lightfoot's state sentence must be served prior to his federal sentence has merit. However, under the facts presented, it is possible that Lightfoot has already satisfied his state sentence in its entirety. At the time of this motion, Lightfoot contends he has served sixty-eight months, which amounts to over five years. As a result of the state court reducing Lightfoot's sentence to four years, it is now necessary for the BOP to recalculate his remaining time to serve. For these reasons, Lightfoot must be immediately transferred to BOP for it to calculate his remaining time.

---

[23] [Id. at p. 4]
[24] [Id.]
[25] [Id. at p. 6]

**III.    CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED, ADJUDGED, AND DECREED** that Lightfoot's Motion to Resume Custody [Doc. No. 221] is **GRANTED**, and Lightfoot shall be turned over to the custody of the BOP. To the extent Lightfoot's sentence requires recalculation, BOP shall make that determination.

MONROE, LOUISIANA, this 21st day of June, 2023.

_____
Terry A. Doughty
United States District Judge