# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:17-CR-00274** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| ****SANCTIONED/BARRED* CHAD LIGHTFOOT** | **MAGISTRATE JUDGE HAYES** |

## ORDER

Before the Court is a Motion for an Order Finding Waiver of Attorney-Client Privilege [Doc. No. 288] filed by the United States of America ("The Government"). Defendant, Chad Lightfoot ("Lightfoot"), previously filed a Motion to Amend Defendant's Prior 28 U.S.C. §2255 Motions and/or Alternative Motion to Vacate Judgment [Doc. No. 284], wherein he claimed that the Government's actions denied him effective assistance of counsel.[1] Thus, the Government seeks an Order providing that Lightfoot has waived the attorney-client privilege with respect to all the ineffective assistance of counsel claims raised in Lightfoot's post-conviction motions.

A defendant waives his attorney-client privilege by filing a motion to vacate a conviction based on ineffective assistance of counsel. *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (holding that an attorney may reveal otherwise privileged communications from his client to address charges of improper conduct without violating either the ethical rules of confidentiality or attorney-client privilege). The rationale is straightforward: "when a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with

---

[1] [Doc. No. 284, p. 5].

respect to those communications." *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (cleaned up).

Here, Lightfoot plainly states that the Government prevented his attorney, Walter M. Caldwell, from effectively representing Lightfoot at trial.[2] For those reasons, the Court finds that Lightfoot waived his attorney-client privilege with respect to the claims of ineffective assistance of counsel raised in his post-conviction motions. Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED**, and Walter M. Caldwell is hereby ordered to disclose to the Government and to the Court all communications with Defendant concerning the events and facts related to the Defendant's claim of ineffective assistance of counsel.

MONROE, LOUISIANA, this 28th day of February, 2025.

_____
Terry A. Doughty
United States District Judge

---

[2] [Id.].