UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**               **CASE NO. 3:17-CR-00274**

**VERSUS**                                 **JUDGE TERRY A. DOUGHTY**

**\*\*SANCTIONED/BARRED\* CHAD LIGHTFOOT**     **MAGISTRATE JUDGE HAYES**

### MEMORANDUM ORDER

Before the Court is Defendant Chad Lightfoot's ("Lightfoot") *pro se* Motion for Reconsideration [Doc. No. 297]. Lightfoot asks the Court to reconsider its prior Order [Doc. No. 291] denying Lightfoot's Motion to Appoint Counsel [Doc. No. 287].

For the reasons stated below, Lightfoot's Motion is **DENIED**.

**I.     Standard of Review**

While the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsiderations, they remain a legitimate procedural device in criminal proceedings. *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)). And for such motions, courts have applied the same legal standard as motions for reconsideration in the civil context. *United States v. Evans*, No. CR 15-61, 2018 WL 6427854, at *2 (E.D. La. Dec. 7, 2018) (citing cases). As a result, the motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). And reconsideration of an order after its entry "is an extraordinary remedy that should be used sparingly." *Id*.

**II.    Lightfoot's Motion**

Lightfoot asks the Court to reconsider its prior denial of his Motion to Appoint Counsel. Lightfoot previously sought counsel to assist his 28 U.S.C. §2255 motion wherein he accused the Government of prosecutorial misconduct.[1] This Court denied the request after Lightfoot failed to show that he was "incapable of adequately representing his motion *pro se*."[2]

Now Lightfoot pleads the Court to reconsider its prior determination because he purportedly "is not in the position to investigate [his own allegations] further due to the constraints upon his liberty."[3] For all that, Lightfoot alleges that he "threw a rock at a glass house and just so happened to shatter the secrets being hidden behind a two-way glass mirror constructed by the Government…"[4] Nonetheless, Lightfoot still needs appointed counsel to actually uncover those "secrets." But the Court finds no reason why it should appoint counsel for Lightfoot.

As a preliminary matter, there is no constitutional right to counsel in postconviction proceedings. *United States v. Gaytan-Ortiz*, 308 F. App'x 798, 800 (5th Cir. 2009) (citing *Ford v. United States*, 363 F.2d 437, 437-38 (5th Cir. 1966). And whether to appoint counsel in a §2255 proceeding is typically committed to the sound discretion of the district court. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994). However, there is a statutory right to appointed counsel in a §2255 proceeding when "an evidentiary hearing is required." *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). Yet the Court has not ordered an evidentiary hearing to determine the merits

---

[1] The Court construes Lightfoot's "Motion for Order to Show Cause and/or Initiate Judicial Inquiry" [Doc. No. 287] as a §2255 motion as it "collaterally challenges the validity of his sentence." *McDonald v. Fleming*, 107 F. App'x 395, 395 (5th Cir. 2004); *see also United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (acknowledging that it is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing).
[2] [Doc. No. 291, p. 1].
[3] [Doc. No. 297, p. 2].
[4] [Id.]

of Lightfoot's prior motion, and one may not be necessary. Thus, Lightfoot is not statutorily entitled to appointed counsel at this juncture.[5]

In effect, whether to grant Lightfoot appointed counsel remains to the sound discretion of this Court. *Nichols*, 30 F.3d at 36. And the Court finds no manifest errors of law or fact raised by Lightfoot and sees no reasons to alter or amend its prior order denying Lightfoot's request.

### III.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Lightfoot's *pro se* Motion for Reconsideration [Doc. No. 297] is **DENIED**.

MONROE, LOUISIANA, this 19th day of March, 2025.

Terry A. Doughty
United States District Judge

---

[5] However, after full briefing of the §2255 motion, Lightfoot will be entitled to appointed counsel should the Court find that an evidentiary hearing is necessary.