UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**            **CASE NO. 3:17-CR-00274**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**\*\*SANCTIONED/BARRED\* CHAD LIGHTFOOT**     **MAGISTRATE JUDGE HAYES**

## MEMORANDUM ORDER

Before the Court is a Motion for Compassionate Release [Doc. No. 258] filed by Defendant Chad Lightfoot ("Lightfoot"). The United States of America ("the Government") opposed the Motion [Doc. No. 305].

For the reasons stated below, Lightfoot's Motion is **DENIED**.

### I. BACKGROUND

Lightfoot is an incarcerated inmate with the Bureau of Prisons ("BOP") at FCI Pollock. He filed this Motion wherein he requests compassionate release under 18 U.S.C. § 3582(c)(1)(A). Specifically, Lightfoot alleges extraordinary and compelling reasons warranting relief based on the criteria set forth in U.S.S.G. § 1B1.13.

#### A. Procedural History

Lightfoot was charged by Indictment with one count of fraud in connection with a major disaster or emergency benefits program pursuant to 18 U.S.C. § 1040 on October 25, 2017.[1] The Indictment alleged that Lightfoot made false and fraudulent representations to procure funds from a federal disaster relief program.[2] Specifically,

---

[1] [Doc. Nos. 1, 305].
[2] [Doc. No. 305, p. 1].

Lightfoot claimed that his residence in Monroe, Louisiana sustained damage from a flood, when in fact, Lightfoot was residing in New Orleans during the time the incident occurred.[3] After a four-day trial, a jury convicted Lightfoot on the sole count of the Indictment.[4]

### B. Sentencing

The final Pre-Sentence Investigation Report ("PSR") recommended a total offense level of 21, and a Criminal History Category IV, which produced an advisory range of 57-71 months. Lightfoot's offense level reflected an 8-level increase since the intended loss ($122,500) was more than $95,000 but less than $150,000. His Criminal History Category resulted from points assessed for prior state convictions of armed robbery, flight from an officer, simple battery, and several financial crimes. On July 3, 2019, the Court sentenced Lightfoot to 71 months' imprisonment, followed by 5 years' supervised release.[5] Lightfoot is expected to be released on December 5, 2025.

### C. Relevant Post Conviction Litigation

On February 26, 2024, Lightfoot filed a "Motion for Compassionate Release and or Reduction of Sentence (Amendment 821) and Appointment of Counsel."[6] Construing Lightfoot's motion as one brought solely under Amendment 821, the Court ultimately denied the motion using the standard AO 247 form for motions

---

[3] [Id.].
[4] [Doc. No. 134].
[5] [Doc. No. 153].
[6] [Doc. No. 258].

2

brought under § 3582(c)(2).[7] Thus, the Court did not address whether Lightfoot was entitled to compassionate release under § 3582(c)(1)(A)(i).

### D. The Fifth Circuit's Ruling on Lightfoot's Appeal

The Fifth Circuit affirmed this Court's denial of relief under Amendment 821 but also found that the record did not indicate whether this Court addressed the merits of Lightfoot's compassionate relief claims. *United States v. Lightfoot*, No. 24-30299, 2025 WL 673437 (5th Cir. Mar. 3, 2025). As such, the Fifth Circuit remanded the case back to this Court to rule on Lightfoot's compassionate release claim. *Id.*

The issues have been briefed, and the Court is prepared to rule.

## II. LAW & ANALYSIS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). However, § 3582(c)(1)(A) sets forth narrow circumstances where a court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." The Court may only grant relief when the defendant shows that (1) "extraordinary and compelling reasons justify a sentence reduction;" (2) such a reduction is "consistent with applicable statements issued by the Sentencing Commission;" and (3) "early release would be consistent with the sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024) (cleaned up).

---

[7] [Doc. No. 266].

3

Before a court considers reducing a defendant's imprisonment term, the defendant must exhaust all administrative remedies. § 3582(c)(1)(A). Specifically, the defendant must first present his request to the BOP so it can evaluate the defendant's current circumstances. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). And when the defendant fails to exhaust all administrative remedies, the Court lacks jurisdiction to consider the motion. *See United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) ("The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 1582.").

In this case, the Government agrees that Lightfoot has exhausted his administrative remedies by filing a request for relief through the BOP and not receiving a response to his request.[8] Therefore, the question before the Court is whether Lightfoot has sufficiently surpassed the remaining hurdles warranting compassionate release. The Fifth Circuit requires that if a Court "denies a motion for compassionate release, it must give specific factual reasons for its decision" that are "articulated in the denial order itself or incorporated by reference to something else in the record." *United States v. Stanford*, 79 F.4th 461, 462–63 (5th Cir. 2023) (cleaned up). For those reasons, the Court will address each hurdle separately.

### A. Extraordinary and Compelling Criteria

As mentioned above, Lightfoot must demonstrate that extraordinary and compelling reasons warrant reducing his sentence. But what constitutes

---

[8] [Doc. No. 305, p. 5].

4

"extraordinary and compelling reasons"? Congress chose not to elaborate further. Instead, it delegated the authority to the Sentencing Commission. Under this authority, the Sentencing Commission set forth six specific reasons that can be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i): (1) the defendant's medical condition; (2) defendant's age; (3) family circumstances; (4) whether defendant has been a victim of abuse during custody; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) an extraordinarily long sentence. U.S.S.G. § 1B1.13(b)(1)–(6).

Here, Lightfoot points to his "family circumstances" as the basis for his Motion. Specifically, Lightfoot claims: (1) his four minor children need his financial and emotional support; (2) his mother is suffering from dementia; and (3) he is a possible organ donor candidate for his sister's kidney transplant procedure.[9]

The Sentencing Commission has enumerated four separate family circumstances to consider in evaluating a compassionate release request. U.S.S.G. § 1B1.13(b)(3)(A)–(D). Those circumstances are:

> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition;
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner;
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent; and
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family

---

[9] [Doc. No. 258, p. 4-5].

5

member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Lightfoot does not meet or satisfy any of the family circumstances listed above. First, his desire to emotionally and financially support his children is not cognizable under § 1B1.13(b)(3). And regarding Lightfoot's mother, he failed to allege that her condition has left her incapacitated or that he is her only available caregiver.

Nor does Lightfoot's claim about his sister's kidney condition fare much better. Lightfoot says that his sister was "in dire need of a kidney transplant due to end stage kidney disease," and he had "been elected to be screened to be her donor."[10] Likewise, Lightfoot provided a handwritten doctor's note stating that the patient's "quality of life and longevity would best be served by a kidney transplant" and asked that Lightfoot be "allow[ed]… to undergo workups for a potential kidney donor…"[11]

When a defendant points to the "incapacitation" of a family member as a justification for compassionate release, the defendant must still show that he is "the only available caregiver" for that family member. U.S.S.G. § 1B1.13(b)(3)(D). Lightfoot has not done that. Even if the Court accepts Lightfoot's claims and the contents of his doctor note as true, those facts—which establish only a *possibility* that Lightfoot may qualify as an organ donor for his sister—does not show that he is her "only available caregiver." Nor does it suggest that Lightfoot's sister is

---

[10] [Id., p. 4].
[11] [Doc. No. 258-2, p. 8].

"incapacitated." Additionally—and as the Government points out—Lightfoot made no effort to clarify as to why the doctor's recommended "work-up" to determine if he can be a kidney donor cannot be accomplished while he is still in BOP custody.

Finally, though Lightfoot did not raise the "catchall" provision in § 1B1.13(b)(5), they do not aid his request regardless. That provision permits the Court to consider "other circumstances" warranting release as long as the circumstance is "similar in gravity" to the other justifications listed by the Sentencing Commission. § 1B1.13(b)(5). However, the possibility that Lightfoot might be a kidney donor at a future time is not "similar in gravity" to the other circumstances set forth in §§ 1B1.13(b)(1)–(4).

In essence, Lightfoot's justifications do not meet or satisfy any of the family circumstances listed above and they fail to demonstrate that extraordinary and compelling reasons warrant a reduction of his sentence.

### B. Danger to the Community and Section 3553(a)

But even if Lightfoot showed extraordinary and compelling reasons for granting relief, the analysis doesn't end there. The Court would still have had to consider the factors under 18 U.S.C. §§ 3142 and 3553(a) to determine whether Lightfoot is a danger to the safety of others or the community. U.S.S.G. § 1B1.13. And those factors likewise weigh against Lightfoot's release. The § 3553(a) factors that the Court must consider are:

**(1)**     The nature and circumstances of the offense and the history and characteristics of the defendant;
**(2)**     The need for the sentence imposed—

|     |     |     |
| --- | --- | --- |
| (A) | | to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; |
| (B) | | to afford adequate deterrence to criminal conduct; |
| (C) | | to protect the public from further crimes of the defendant; and |
| (D) | | to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner |

18 U.S.C. § 3553(a). Meanwhile, § 3142(g) requires the Court to consider the nature and circumstances of the offense, the history and characteristics of the person, including their character, physical and mental condition, family ties, community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Lightfoot's prior conduct speaks for itself. Lightfoot has been arrested and convicted for several crimes, including, armed robbery, simple and aggravated assault and battery, bank fraud, insurance fraud, and forgery.[12] His instant offense involved a fraudulent scheme to receive thousands of dollars from a federal disaster relief by falsely claiming that his Monroe residence sustained damage from a flood.[13] Such offenses can pose a danger to the community. *United States v. Meli*, No. 17-CR-127 (KMW), 2020 WL 2114769, at *2 (S.D.N.Y. May 4, 2020) ("[R]eleasing Defendant would be contrary to the Sentencing Commission's directive that courts should deny compassionate release to defendants who pose a danger to their communities"

---

[12] [Doc. No. 305, p. 9, citing PSR 44, p. 12-13].
[13] [Doc. Nos. 1, 305].

because "Defendant's fraud scheme lasted over a year and caused grave financial and emotional harm to his many victims.").

Therefore, the factors under §§ 3142(g) and 3553(a) weigh against an early release.

### III.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Lightfoot's Motion [Doc. No. 258] is **DENIED**.

MONROE, LOUISIANA, this 6th day of May, 2025.

_____
Terry A. Doughty
United States District Judge